UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONITA Y. LANDRO,<br><br>Plaintiff,<br><br>v.<br><br>C2G LIMITED COMPANY, et al.,<br><br>Defendants. | Case No. C23-00238RSM<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

    This matter comes before the Court on Plaintiff Donita Y. Landro's two nearly identical Motions to Appoint Counsel. Dkts. #13 and #14. Plaintiff is proceeding *pro se* after this case was removed from state court. *See* Dkt. #1. Defendants have filed no timely responses.

    Plaintiff was employed at SeaTac Airport from April 13, 2022, to September 13, 2022. Dkt. #1-1. Plaintiff alleges she was terminated in violation of numerous federal and state laws, including Title VII and the Washington Law against Discrimination ("WLAD"). The Complaint brings causes of action for, *inter alia*, discrimination on the basis of age, sex, marital status, race, religion, national origin, as well as mental, sensory, or physical handicap; retaliation for reporting hate crimes; whistleblower protection for reporting safety and security violations as well as OSHA violations; failure to provide her with an employee handbook;

ORDER - 1

confidentiality violations related to her employee records; sexual harassment; and for being injured on the job by lasers. Dozens of laws are cited; almost no factual support for any of this is included. For example, the Complaint states "Plaintiff was object of the unit supervisors and coworkers religious jokes and blacklisting… of homeless individuals as well as reasons for wrongful termination. Plaintiff exercised her spiritual giftings discretely and privately when alarmed with safety and security issues." Dkt. #1-1 at 5. This lacks the "who, what, where, when and why" critical for Defendants to respond and for the Court to assess the plausibility of the Complaint.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Plaintiff has presented claims with numerous citations to law. She appears to have a good understanding of these laws and the facts that would be necessary to support her claims. *See* Dkt. #1-1. The Complaint appears to demonstrate a capacity to proceed in this case pro se. However, the Court cannot conclude at this time whether Plaintiff's claims have a strong likelihood of success on the merits due to the lack of factual support. Plaintiff has otherwise failed to set forth exceptional circumstances. Given all of the above, the Court will deny these

ORDER - 2

Motions. If the Complaint survives review under Rule 12(b)(6), the Court may revisit this issue in the future by granting Plaintiff leave to refile a motion to appoint counsel. Leave to refile is not granted at this time.

Having considered the briefing from Plaintiff and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motions to Appoint Counsel, Dkts. #13 and #14, are DENIED.

DATED this 15th day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3