UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONITA Y. LANDRO,<br><br>    Plaintiff,<br><br>    v.<br><br>C2G LIMITED COMPANY, et al.,<br><br>    Defendants. | Case No. C23-00238RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss under Rule 12(b)(6), Dkts. #11, #12, and #16.  Plaintiff Donita Y. Landro has filed a single opposition brief after the deadline for responsive briefing.  *See* Dkt. #21; LCR 7(d)(3).  No party has requested oral argument.  For the reasons stated below, the Court GRANTS these Motions and dismisses Plaintiff's claims with leave to amend.

## II.   BACKGROUND

The Court will accept all facts stated in the Complaint, Dkt. #1-2, as true for purposes of these Motions to Dismiss.

Plaintiff was employed at SeaTac Airport from April 13, 2022, to September 13, 2022. Defendant C2G Limited Company does business at the airport, contracted through Defendant

ORDER - 1

Port of Seattle, a government agency. Defendant Air Mobility Command ("Air Force"), a major command of the United States Air Force, operates by contract at the airport.

Plaintiff worked as a "Passenger Service Agent under approved Military CAC ID contractor's badge for C2G Limited at SeaTac Airport." Plaintiff alleges she was terminated in violation of numerous federal and state laws, including Title VII and the Washington Law against Discrimination ("WLAD"). Plaintiff states she was "wrongfully accused of unstable behavior, discrediting C2G Limited Company, and violating public trust." Unit Supervisor Victoria Delange stated Plaintiff had a "mental issue and needed psychiatric professional care."

The Complaint brings causes of action for, *inter alia*, discrimination on the basis of age, sex, marital status, race, religion, national origin, as well as mental, sensory, or physical handicap; retaliation for reporting hate crimes; whistleblower protection for reporting safety and security violations as well as OSHA violations; failure to provide her with an employee handbook; confidentiality violations related to her employee records; sexual harassment; and for being injured on the job by lasers. Dozens of laws are cited; almost no factual support for any of this is included. For example, the Complaint states "Plaintiff was object of the unit supervisors and coworkers religious jokes and blacklisting… of homeless individuals as well as reasons for wrongful termination. Plaintiff exercised her spiritual giftings discretely and privately when alarmed with safety and security issues." Dkt. #1-1 at 5.

### III.   DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

ORDER - 2

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Analysis

#### 1. Port of Seattle Motion

Defendant Port of Seattle argues the Complaint "is void of any allegation that would place liability on the Port and lacks supporting facts to involve the Port in her claims" because "the Port is not Plaintiff's employer and, as such, cannot be liable for any employment-related causes of action." Dkt. #11 at 2.  The Port reads the Complaint as alleging that Plaintiff was employed solely by C2G Limited Company.  This is an entirely reasonable reading of the Complaint.  Plaintiff has failed to timely respond to the Port of Seattle's Motion and her untimely opposition does not respond to this argument.  The Port also maintains that the Complaint lacks any factual allegations that would state a plausible claim for defamation

ORDER - 3

against it.  The Court agrees that there are no plausible claims that could establish liability against this Defendant and supporting facts for any non-employment-based claims are vague and conclusory.  Accordingly, this Motion will be granted and all claims against the Port of Seattle dismissed with leave to amend.  The Court strongly urges Plaintiff to carefully review the legal arguments in the Port of Seattle's Motion and to address the identified legal or factual failings in an amended complaint.  If, after such review, Plaintiff concludes that the Port of Seattle was not her employer and therefore cannot be liable for employment-based claims, she should not include such claims in an amended complaint.

### 2. C2G Limited Company's Motion

Defendant C2G Limited Company generally argues that the Complaint lacks sufficient detail to state plausible claims.  C2G attempts to list the twenty-or-so claims of discrimination or violation of federal employment law.  C2G adequately sets forth the legal standard for claims of discriminatory discharge under Title VII and WLAD.  Dkt. #12 at 5.  C2G points out that "Plaintiff fails to allege she is a member in any protected class" and that the "Complaint is also void of any factual allegations that would give rise to a reasonable inference that Plaintiff was treated less favorably than employees outside of her class." *Id*. at 5–6.  Plaintiff fails to allege that she is forty or older or that she was replaced by a substantially younger employee.  Addressing possible disability discrimination claims, C2G argues that "Plaintiff has not sufficiently alleged the basis of her perceived treatment; that she was qualified to perform the essential portions of her job; and that the termination was based on her perceived impairment." *Id*. at 7.  The Court agrees with all these points.

Regarding a hostile work environment claim, the Complaint has some details, *e.g.* that that Plaintiff "endured abusive conduct by coworkers beginning on her second day of

ORDER - 4

employment," which "increased everyday" due to her religious beliefs and age, and that she was the "object" of "religious jokes," as well as isolated, shunned, and demeaned by her coworkers in front of passengers. *Id*. at 8. However, as the Court previously noted in its Order denying court-appointed counsel, these details still lack the who, what, where, when, and why necessary for the Court and the Defendants to understand what is being alleged.

C2G also argues that Plaintiff has failed to adequately plead a retaliation claim because she has not identified any protected activity or linked it to an adverse action, and that the defamation claim lacks sufficient details. The Court agrees that Plaintiff needs to add more details of when and what she reported and how that led to her termination, and that the defamation claim fails to adequately allege statements published to a third party.

It is difficult for the Court to sort out what Plaintiff is actually alleging in this case because she has failed to timely respond to C2G's Motion and her untimely opposition does not respond to any of these arguments. The Court finds that Plaintiff's claims against this Defendant lack sufficient factual support to be plausible. Accordingly, this Motion will be granted and all claims against C2G dismissed with leave to amend. The Court strongly urges Plaintiff to carefully review the legal arguments in C2G's Motion and to address legal or factual failings in an amended complaint.

    **3.  Air Mobility Command Motion**

The Air Force moves for dismissal for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Dkt. #16. Essentially, in addition to the above arguments about insufficient facts, the Air Force argues that Plaintiff fails to plead exhaustion of administrative remedies (and offers evidence that she has failed to do so). *See id*. at 5–7. She has also failed to name the proper party. *See id*. at 9 ("…Landro named the Air Mobility

ORDER - 5

Command, a command of the United States Air Force. The only proper defendant, however, is the Secretary of the Air Force, Frank Kendall, in his official capacity.") The Air Force also argues that any state law claims must be dismissed because Title VII, the ADEA, and the Rehabilitation Act provide the exclusive remedy for such claims brought against the U.S. Government. *Id*. at 9–10. The Air Force also makes valid arguments about the factual failings of any breach of contract, § 1981, and tort claims not previously addressed.

It is difficult for the Court to sort out what Plaintiff is actually alleging against this Defendant. The Court finds that Plaintiff's claims against this Defendant lack sufficient factual support to be plausible. Accordingly, this Motion will be granted and all claims against the Air Force dismissed with leave to amend. The Court finds it highly unlikely that any claims against this Defendant are proper given its understanding of the facts at this time. The Court strongly urges Plaintiff to carefully review the legal arguments in this Motion and to address legal or factual failings in an amended complaint.

## IV.     CONCLUSION

Having reviewed the Complaint and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motions to Dismiss (Dkts. #11, #12, and #16) are GRANTED. Some of the above deficiencies can possibly be cured by amendment as stated above. Accordingly, Plaintiff's claims are DISMISSED with leave to amend. Plaintiff has thirty (30) days to file an amended complaint. If Plaintiff fail to do so, this case will be closed.

DATED this 20th day of April, 2023.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 6